# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

**JAMES TERRENCE FAWCETT**,

    Plaintiff,

vs.                                                                                   No. CIV. 07-493 MCA/RHS

**SENATE APPROPRIATIONS COMMITTEE,
SUBCOMMITTEE ON INTERIOR AND
RELATED AGENCIES, et al.,**

    Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court *sua sponte*. *Pro se* Plaintiff James Terrence Fawcett seeks a Court order authorizing him to proceed with this litigation without the payment of costs or fees. The *in forma pauperis* statute, 28 U.S.C. § 1915, authorizes a court to waive filing fees and various court costs. The intent of this statute is to facilitate access to courts and to guarantee that "no citizen shall be denied an opportunity to commence, prosecute, or defend an action, civil or criminal, 'in any court of the United States' solely because . . . [lack of funds] makes it impossible for him to pay or secure the costs [of litigation]." Adkins v. E.I. DuPont de Nemours & Co., 335 U.S. 331, 342, 69 S. Ct. 85, 90 (1948).

Fawcett submitted an affidavit indicating that he is indigent. He is unemployed and receives Social Security disability benefits. At the time the *Complaint* was filed, Fawcett

resided in a homeless shelter located in Santa Fe, New Mexico. He owns no real estate, stocks, bonds or savings (aside from "$5 and change" in a bank), and has no other assets[1] to utilize in the prosecution of this litigation. Based on Fawcett's affidavit, the Court authorizes the filing of his *Complaint* without payment of a filing fee.

## *Sua Sponte* Analysis of Complaint

While Congress removed barriers to court process for indigents by enacting the *in forma pauperis* statute, it also recognized that "a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." Nusku v. Williams, 490 U.S. 319, 324, 109 S. Ct. 1827, 1831 (1989); Denton v. Hernandez, 504 U.S. 25, 31, 112 S. Ct. 1728, 1733 (1992).

In response to this congressional concern, courts are specifically authorized to review an *in forma pauperis* complaint and to dismiss the complaint "if the court determines that . . . the action . . . is frivolous or malicious." 28 U.S.C. § 1915(e)(2)(B)(i). A federal court may also conduct a *sua sponte* review of a complaint pursuant to this section to determine if the complaint can withstand Fed.R.Civ.P. 12(b)(6) scrutiny. 28 U.S.C. § 1915(e)(2)(B)(ii). The Court may dismiss the complaint if it is patently obvious that the plaintiff cannot prevail on the facts alleged. Hall v. Bellman, 935 F.2d 1106, 1110 (10th Cir. 1991).

---

[1] In response to the affidavit question "Do you have any other assets not listed above excluding household furnishings and clothing?" Fawcett wrote "Heirs Heira artwork by myself artwork, no license vend etc. [H]eiraglaphic artwork, also artist Fawcett not Unsold, held. Doesn't know market."

In reviewing a *pro se* complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel, but remains mindful that a *pro se* complaint must be liberally construed. Northington v. Jackson, 973 F.2d 1518, 1520-21 (10th Cir. 1992). However, the Court does "not assume the role of advocate and should dismiss claims which are supported only by vague and conclusory allegations." Id. (internal citation omitted). It is with these standards in mind that the Court reviews Fawcett's *Complaint*.

Fawcett seeks to bring his lawsuit against the Senate Appropriations Committee; former Senator Conrad Burns (R-MT); the Smithsonian Institution; and Gil Taylor, Librarian, Smithsonian Institution Museum Support Center. The form complaint he filed asserts that his lawsuit is filed pursuant to 42 U.S.C. § 1983.

Section 1983 of Title 42 of the United States Code provides, in relevant part, that

> [e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. Section 1983 is not an independent source of substantive rights; rather it is a mechanism for enforcing federal rights conferred elsewhere, see Albright v. Oliver, 510 U.S. 269, 271 (1994), and provides a remedy "for any person who has been deprived of rights secured by the Constitution or laws of the United States by a person acting under color of law." Curley v. Klem, 298 F.3d 271, 277 (3rd Cir.2002). Accordingly, an analysis

of a plaintiff's federal civil-rights claim necessarily begins by identifying the specific constitutional right or rights allegedly infringed. Graham v. Connor, 490 U.S. 386, 393-94 (1989).

Fawcett's *Complaint* is deficient on its face inasmuch as he fails to indicate what any of the Defendants did to him to deprive him of a federally protected right. To be sure, the *Complaint* is incomprehensible. For example, under "Nature of the Case" Fawcett states, "*Corabellum . . . Corabellum . . . I'm artist! John 3:10 God Ye[.]*"  In setting forth the counts he purports to assert and describing the supporting facts, Fawcett states:

> HEOLD ART Art leold. Unconstitutional. Art is constitutional OLD. Terry Fawcett examination examination eoold[.] Art is work Terry Fawcett and is cobaellum. [O]f of Constitutional[.] Terry Fawcett is Constitutional.Count I and Count II corabellum[.] Constitutionall [sic] Corabellum. Santa Fe in the eentains.

This Court can make no sense of Fawcett's allegations.

Even affording Fawcett a liberal reading of the *Complaint*, see Northington, 973 F.2d at 1520-21, the Court determines that the *Complaint* is "frivolous" and that is "patently obvious" that Fawcett fails to state a claim. See 28 U.S.C. § 1915(e)(2)(B). Pursuant to the cost savings provisions of the Civil Justice Reform Act, 28 U.S.C. § 471 *et seq.*, the Court is obligated to reduce the costs of litigation and to expedite the ultimate disposition of cases. Allowing Fawcett to go forward with this *Complaint* would burden Defendants and increase the costs of litigation. The costs of service of process on Defendants, which would be assumed by the citizens, are unjustified in cases such as this. Additionally, Defendants would

be forced to file motions to dismiss and to engage in costly pleading practice. Given the inadequacy of the *Complaint*, the motions would ultimately be granted.

Because Fawcett's *Complaint* does not withstand Rule 12(b)(6) scrutiny, it will be dismissed. Dismissals under 12(b)(6) are without prejudice. Consequently, if Fawcett is able to articulate an actionable claim, he may file a new lawsuit and seek *in forma pauperis* status for prosecuting that actionable claim.

**IT IS, THEREFORE, ORDERED** that Plaintiff James Terrence Fawcett's *Financial Application to Proceed In Forma Pauperis* is **APPROVED;**

**IT IS FURTHER ORDERED** that Plaintiff's request for service of process by the United States Marshal's Service is **DENIED**;

**IT IS FURTHER ORDERED** that the *Complaint* be and hereby is **DISMISSED WITHOUT PREJUDICE**;

**SO ORDERED** this 7th day of June, 2007, in Albuquerque, New Mexico.

_____
**M. CHRISTINA ARMIJO**
United States District Judge